IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**UNITED STATES, ex rel.**
**WEALTHY EANES,**

  **Plaintiff,**

v.                Case No. 3:16-cv-10563

**DAN O'HANLAN,**[1]
**JOHN "JACK" LAISHLEY,**

  **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

On November 4, 2016, Relator Wealthy Eanes filed a *pro se* Complaint under the *qui tam* provision of the False Claims Act, 31 U.S.C. § 3730(b)(1). (ECF No. 2). Pending before the Court is Relator's Motion to Compel, (ECF No. 4), the Complaint, and the United States' Motion to Dismiss, (ECF No. 10). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On March 3, 2017, the undersigned conducted a hearing on the Complaint and the Motion to Dismiss pursuant to 31 U.S.C. § 3730(c)(2)(A), at which the United States was present, by counsel, and Relator was present, in person, via audioconference. Having thoroughly considered the record, as well as the statements made by Relator and

---

[1] The correct spelling is Dan O'Hanlon.

the United States at the hearing, the undersigned respectfully recommends that Relator's Motion to Compel be **DENIED**, the United States' Motion to Dismiss be **GRANTED**, and this matter be **DISMISSED, with prejudice,** from the docket of the Court.

## I.     Factual and Procedural Background

Relator is a state prisoner incarcerated at Salem Correctional Center in Industrial, West Virginia. On November 4, 2016, Relator filed the instant *pro se* Complaint under the *qui tam* provision of the False Claims Act (FCA), 31 U.S.C. § 3730(b)(1), and a Motion to Compel. (ECF Nos. 2 and 4). Relator asserts that Defendants, a circuit court judge and court-appointed attorney, committed various federal crimes by effecting a scheme to "defraud the Government by submitting false fabricated overbilling for services to a federally subsidized program, that being the W. Va. Public Defender Services."[2] (ECF No. 2 at 4). He contends that attorney, Jack Laishley, created fraudulent bills for legal services that he never performed and submitted them to circuit court judge, Dan O'Hanlon, who approved them for payment by the WVPDS, knowing that they were false. (*Id.*). He contends that Judge O'Hanlon appointed Defendant Laishley to "High Profile" cases "in order to be eligible to receive additional and approved billings." (*Id.*).

On February 6, 2017, the United States filed a Motion to Dismiss and Memorandum in Support. (ECF Nos. 10, 11). The Government maintains that the Complaint should be dismissed, because it fails to state a cognizable claim under the FCA. In addition, the Government indicates that it does not wish to intervene in the action, and Fourth Circuit precedent does not permit a relator to prosecute a *qui tam* action without

---

[2] The West Virginia Public Defender Services (WVPDS) provides representation to indigent clients through, *inter alia*, private attorneys on a court-appointed basis. The WVPDS pays the private court-appointed attorneys, such as Defendant Laishley, for each case pursuant to court order, following review of the legal fees by a circuit judge, such as Defendant O'Hanlon.
See http://www.pds.wv.gov/about/Pages/default.aspx.

2

legal representation. (*Id.*).

The undersigned held a hearing on the Motion to Dismiss on March 3, 2017. During the hearing, Assistant United States Attorney Jennifer Mankins presented the Government's Motion, and Relator had the opportunity to respond and make statements. Relator acknowledged that he had no factual basis to support his assertion that the WVPDS received federal funding, nor could he provide any other factual ground upon which to state a cognizable claim under the FCA. Relator further confirmed that he had no legal representation on the Complaint.

## II.    Discussion

The FCA is a federal law that imposes civil liability on individuals who knowingly present or conspire to present a fraudulent claim for payment to an officer, employee, or agent of the United States. 31 U.S.C. § 3729. The Act includes a *qui tam* provision, which authorizes private citizen whistleblowers, referred to as "relators," to file civil actions for FCA violations on behalf of the Government. 31 U.S.C. § 3730(b)(1). The FCA is clear that the Government may "dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion." *Id.* at § 3730(c)(2)(A).

In this case, the Government elected to dismiss Relator's Complaint. As noted by the United State*s*, the facts asserted in the Complaint do not fall within the auspices of the FCA. (ECF No. 11). Relator claims that Defendants Laishley and O'Hanlon submitted and approved, respectively, false legal bills to the WVPDS. However, contrary to Relator's assertion, the WVPDS is not a "federally subsidized program." As identified in the United States' brief, the West Virginia State Budget Office is required to present annual reports

3

itemizing all federal funds received by the state during the preceding and current fiscal years, as well as those scheduled or anticipated to be received during the ensuing fiscal year. W. Va. Code § 11B-2-23(c). The annual reports for fiscal years 2008 through 2017 do not reveal any federal funding received by the WVPDS.[3] Relator does not present, nor does the undersigned find, any evidence that the WVPDS receives any federal funds.

Further, Defendants in this action, a private attorney and state circuit court judge, are unquestionably not officers, employees, or agents of the federal government. In short, the Complaint does not state an actionable claim under the FCA, because Defendants did not submit or conspire to submit a claim for money to "an officer, employee, or agent of the United States," no portion of the money involved was funded by the United States government, nor will any portion of the money involved be reimbursed by the United States government. *See* 31 U.S.C. § 3730(b)(1) (*qui tam* provision allows Relator to bring action for violations of § 3729 of the Act); *Id.* at § 3729 (defining what acts violate the FCA).

Finally, even if the facts asserted in the Complaint were cognizable under the FCA, "[a] lay person may not bring a *qui tam* action under the False Claims Act." *U.S. ex rel. Brooks v. Lockheed Martin Corp.*, 237 Fed. Appx 802, 803 (4th Cir. 2007). In a *qui tam* action, "the United States is the real party in interest, and the need for adequate legal representation on behalf of the United States counsels against permitting pro se suits." *Id.* Here, the United States does not wish to intervene in or prosecute the action, and Relator has no legal representation.

Therefore, for all of the above-stated reasons, the undersigned **FINDS** that this

---

[3] *See* http://www.budget.wv.gov/reportsandcharts/federalfunds/Pages/default.aspx.

4

action should be dismissed with prejudice.

### III. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding district judge accept and adopt the findings proposed herein and **RECOMMENDS** that Relator's Motion to Compel, (ECF No. 4), be **DENIED**; the United States of America's Motion to Dismiss, (ECF No. 10), be **GRANTED;** and that this civil action be **DISMISSED, with prejudice,** and removed from the docket of this Court.

Movant is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Movant shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Relator and counsel of record.

**FILED**: March 7, 2017

Cheryl A. Eifert
United States Magistrate Judge